IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT PETERS,
      Plaintiff,

v.

CORRECTIONAL OFFICER
SEITZ, et al.,
      Defendants

CIVIL NO. 3:CV-12-0968

(Judge Mariani)

FILED
SCRANTON
MAY 2 4 2012
PER _____ DEPUTY CLERK

## MEMORANDUM

Plaintiff Brett Peters ("Plaintiff" or "Peters"), an inmate presently confined at the State Correctional Institution Fayette ("SCI Fayette") in Labelle, Pennsylvania, initiated the above action pro se by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) He has filed a Motion for leave to proceed in forma pauperis in this matter. (Doc. 2.) For the reasons set forth below, this action will be transferred to the United States District Court for the Eastern District of Pennsylvania, and any decision with respect to the pending Motion for in forma pauperis status will be deferred to the transferee court.

I.    **BACKGROUND**

In his Complaint, which is dated April 4, 2012, and which was filed in this Court on May 23, 2012, Peters names as Defendants Correctional Officer Seitz, a guard at the Lancaster County Jail; the Warden of the Lancaster County Jail; and the Lancaster County Jail. (Doc. 1 at 1.) Peters alleges that he was physically assaulted by Correctional Officer Seitz on October 30, 2010 and that his requests for medical treatment for his resulting injuries were denied. (Id.

at 1-2.) He also alleges that Seitz "verbally drilled [me] with profane language for asking why my legal mail was open." (Id. at 1.) Peters requests injunctive relief in the form of preventing Defendants from violating other inmates' constitutional rights. (Id. at 3.) Peters further requests that this Court order Defendants to attend correctional officer training, and award him monetary damages in the amount of $75,000 from each Defendant. (Id.)

## II.   DISCUSSION

It is well-established that venue for civil actions wherein jurisdiction is not founded solely on diversity of citizenship is governed by 28 U.S.C. § 1391(b), which provides as follows:

> **(b) Venue in general. - -** A civil action may be brought in - -
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In the instant case, the Defendants are employed by the Lancaster County Jail in Lancaster, Pennsylvania, which is located in the Eastern District of Pennsylvania. Moreover, the allegations in the Complaint concern events or omissions that occurred at the Lancaster County Jail, and therefore, the events that form

2

the basis for Plaintiff's claims occurred in the Eastern District of Pennsylvania. As such, the appropriate venue for this action is the United States District Court for the Eastern District of Pennsylvania. See 28 U.S.C. § 1391(b).

Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . ." In the instant case, where all of the Defendants are located in the Eastern District of Pennsylvania, and the events that gave rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania, for the convenience of the parties and witnesses, and in the interest of justice, we find that it is appropriate to exercise our discretion to transfer this case to the United States District Court for the Eastern District of Pennsylvania. An appropriate order follows.

_____
Robert D. Mariani
United States District Judge